# **EXHIBIT B**

Case 1:05-cv-00135-JJF    Document 18-4    Filed 06/02/2005    Page 1 of 5

**Document Links:**
Start of Document
**CASE SUMMARY**
**PROCEDURAL POSTURE:**
**OVERVIEW:**
**OUTCOME:**
**CORE TERMS:**
**LexisNexis(R) Headnotes**
**COUNSEL:**
**JUDGES:**
**OPINIONBY:**
**OPINION:**

SHEPARD'S®                          *1995 Bankr. LEXIS 936, \**

In the Matter of THE COLUMBIA GAS SYSTEM, INC., and COLUMBIA GAS TRANSMISSION CORPORATION, Debtors.

Case Nos. 91-803 and 91-804

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

1995 Bankr. LEXIS 936

June 16, 1995, Decided

## CASE SUMMARY

**PROCEDURAL POSTURE:** The debtors, related gas corporations, moved the court to approve a settlement of one debtor's objections to certain producer-creditor claims. The debtors also moved for a deferral of further proceedings in the claims estimation process.

**OVERVIEW:** The settlement motion was brought pursuant to Bankr. Code §§ 105, 502 and Fed. R. Bankr. P. 9019 and sought approval of the agreement relating to 16 claims that were filed in an aggregate amount of nearly $ 10 billion. The settlement allowed those claims in an aggregate amount of only $ 1,327,362,353. The claims represented approximately 80 percent by dollar amount of the producer claims against the settling debtor. In granting the motion to approve the settlement, the court determined that the settlement was in the best interest of the estate. The additional expense to the estate if the claims were not settled would have been enormous and the likely duration of the continued litigation would have been significantly long. The settling debtor considered the effect of several major legal issues that affected the range of outcomes for producer claims and the settlements were negotiated at arm's length and in good faith. The court rejected the objectors' claim that the settlement was a de facto plan because the settlement was conditioned upon confirmation of a plan. The debtors' motion as it related to deferral of the claims estimation procedures was granted with limitations.

**OUTCOME:** The court granted the debtors' motion to approve the settlement and the motion as it related to deferral of the claims estimation procedures, only to the following extent: the claims mediator, the settling debtor, the settling debtor's creditors' committee, and any non-settling producer creditor who wished to participate, were ordered to convene to discuss revising procedures if revisions were appropriate.

**CORE TERMS:** settlement, producer, non-settling, mediator, objectors, confirmation, estimation, deferral, confirmation hearing, recommendation, settling, approve, aggregate amount, best interest, recalculated, non-settled, consensual, equitable, cooperate, mediation, relatedly, universe, revising, revisions, duration, deferred, convene, generic, settle, phase

**LexisNexis(R) Headnotes** ♦ Hide Headnotes

Bankruptcy Law > Chapter 11 (Reorganization) > Plan Confirmation > Consensual & Nonconsensual Confirmation
Bankruptcy Law > Case Administration > Administration
Bankruptcy Law > Chapter 11 (Reorganization) > Plan Process Before Confirmation

**HN1** For a bankruptcy court to approve a settlement, the debtor must show that the settlement is fair and equitable. The record must be sufficient to allow the court to assess the wisdom of the proposed compromise. Relevant factors to consider in evaluating the settlement include the probability of success in the claims litigation, complexity of litigation, expense, inconvenience and delay attending to the litigation, interests of creditors, and the extent to which the settlement is truly the product of arm's length bargaining and not of fraud and collusion.

Bankruptcy Law > Case Administration > Administration
Bankruptcy Law > Chapter 11 (Reorganization) > Plan Process Before Confirmation

**HN2** A bankruptcy debtor is entitled to enter into conditional settlements prior to a confirmation hearing.

**COUNSEL:** [*1]

ATTORNEY FOR DEBTOR: James L. Patton Jr., Wilmington, DE.

TRUSTEE ASSIGNED: Thomas F. Ross, Philadelphia, PA.

**JUDGES:** BEFORE: HONORABLE HELEN S. BALICK, United States Bankruptcy Judge

**OPINIONBY:** HELEN S. BALICK

**OPINION:** COURT'S RULING ON MOTION OF COLUMBIA GAS TRANSMISSION CORPORATION AND THE COLUMBIA GAS SYSTEM, INC. FOR ENTRY OF AN ORDER APPROVING PRODUCER SETTLEMENT

THE COURT: Columbia Gas System and Columbia Gas Transmission moved this Court to approve a settlement of TCO's objections to certain producer-creditor claims. CG and TCO also moved for a deferral of further proceedings in the claims estimation process.

The settlement motion is brought pursuant to Sections 105 and 502 of the Bankruptcy Code, and Bankruptcy Rule 9019 and seeks approval of the agreement relating to sixteen claims that were filed in an aggregate amount of nearly $ 10 billion. The settlement would allow those claims in an aggregate amount of only $ 1,327,362,353. These sixteen claims represent approximately 80 percent by dollar amount of the producer claims against TCO. A schedule attached to the second amended TCO plan filed June 14, 1995 also contains proposed settlement amounts to the remaining producers.

**HN1** For this Court to approve the settlement, TCO must show that the settlement is fair and equitable. The record must be sufficient [*2] to allow the Court to assess the wisdom of the proposed compromise. Relevant factors to consider in evaluating the settlement include the probability of success in the claims litigation, complexity of litigation, expense, inconvenience and delay attending to the litigation, interests of creditors, and the extent to which the settlement is truly the product of arm's length bargaining and not of fraud and collusion.

Several objections have been raised in opposition to this settlement motion. This Court has already rejected the arguments relating to the prematureness of this motion at the June 5 hearing. The objectors argue that the disclosure statement and plan contain insufficient information to evaluate the settlement and that the plan may not be confirmable. This is neither a disclosure, nor a plan confirmation hearing. The record established yesterday is sufficient to rule on the settlement motion.

Considering TCO's burden to show that the settlement is fair and equitable, the claims litigation is very complex, as indicated by the appointment of a claims mediator, and the duration of the Boston proceedings, which have already consumed two-and-one-half years, and are only at the [*3] recalculation phase of the estimation procedures. The mediator still needs to issue a final recommendation for the resolution of generic issues. It appears that the generic phase of the process will not be completed until late 1995. Following the submission of recalculated claims, the mediator will still have to address contract-specific issues and recommend allowed amounts for each non-settled claim. Without this settlement, the claims mediation process will likely continue for three to five years. The additional expense to the estate if these sixteen claims are not settled will be enormous. The likely duration of such continued litigation would be significantly long.

As exemplified by the testimony of John Beerbower in settling with the sixteen producers, TCO has considered the effect of

several major legal issues that will affect the range of outcomes for producer claims. These include take-or-pay issues, price deficiency issues, life of reserve issues, and the appropriate discount rate to be applied to future producer gas revenues. TCO has generated numbers to portray a dollar range of possible outcomes under the more likely litigation scenarios. These numbers represent a range [*4] of reasonable litigation outcomes. The settlement, as detailed in Debtors' Exhibit 2, provides for allowance levels that represent compromises well within the range of these reasonable litigation outcomes. The TCO creditors' committee has also presented its views on a range of litigation outcomes, which the Court also finds to be reasonable. It is particularly significant, that despite the differences in these two sets of ranges, which were prepared by parties with differing interests, the settlement numbers fall within both ranges, and do so at the lower end of those ranges.

As indicated by the testimony of John Beerbower, the settlements were negotiated at arm's length and in good faith.

The settlement is in the best interest of the estate. The savings in time and money to the estate by the settlement of these claims is substantial. The settlement is also having a beneficial carryover effect, in that it is encouraging other producers to settle, further reducing costs and enhancing the prospects of a consensual plan. The settlement is in the best interest of the unsecured creditors. In addition to the reasons just mentioned, the settlement will enhance the possibility of distribution [*5] before year's end.

Furthermore, the Court finds the settlement specifically benefits the non-settling producer creditors. By reducing the universe of the claims at issue in the claims mediation process, that process can only become more streamlined and efficient. The non-settling producers can liquidate their claims more cheaply and receive distribution faster.

The objectors also argue relatedly that this settlement is part of a creeping or de facto plan. This is not a de facto plan. The settlement is conditioned upon confirmation of a plan subject to all of the processes and safeguards of the Bankruptcy Code and Rules. There are no distributions prior to confirmation. HN2 TCO is entitled to enter into conditional settlements prior to a confirmation hearing. The applicable law does not support the objectors' position on the de facto plan argument in the circumstances here.

The objectors also argue that the settlement is discriminatory, that the settlement offers to the present non-settling producers may be for a lower percentage than the sixteen settling producers. Relatedly, the objectors insist that the settlement formula should be disclosed. The Court finds these arguments to be [*6] red herrings. While TCO has offered to settle the remaining non-settled producer claims, and while any such effort is encouraged, TCO is under no obligation to settle all claims prior to the plan confirmation hearing.

If TCO and a producer ultimately do not settle a claim, the producer retains its rights to seek the full amount of its filed proof of claim, which in each case is higher than any settlement offer. As to the treatment of claims within the same class, that is a confirmation issue.

The objectors suggest that the settlement is not feasible, in that the debtors will have insufficient cash to fund the settlement or to pay the claims of non-settling producers. While this settlement fixes the amount of the allowed claims of the sixteen producers, they will be paid only upon confirmation of a plan and in accordance with the terms of that plan. Feasibility of the plan is a confirmation issue.

The objectors question the propriety of the debtors settling with TCO's largest producer creditors. To the Court, it makes eminent sense to attempt to do so, as this process can result in the formation of a building block to a consensual plan of reorganization, which should be the goal [*7] of every Chapter 11 proceeding.

In conclusion, the Court finds each objection, including the objection to the Exxon-UPR-Koch agreement, to be without merit, and each is overruled. The motion to approve the producer settlement is granted.

The debtors have also requested a deferral of the claims estimation procedures until after this Court's ruling on the settlement motion. The Court is sympathetic to the concern of the non-settling producers that further delay could be used as negotiation leverage. The debtors do not object to the non-settling producers having a role in recommending procedures to the Court to be followed in liquidating the remaining claims, and the Court agrees that they should have such a role, along with the claims mediator, TCO, and the TCO creditors' committee. No other official committee need participate in that recommendation process.

The claims mediator has set June 30 as the deadline for filing recalculated claims. After that date, the mediator and other interested parties will know the universe of remaining objected-to claims. As soon as possible thereafter, the above-mentioned parties in the claims estimation process are instructed to convene concerning [*8] revising procedures, if revisions are appropriate, and to fully cooperate in doing so. The Court will grant a short deferral to allow these talks to take place. The Court will not tolerate an unreasonable delay in any recommendation of implementation of revised procedures.

The proceedings are deferred through July 21, 1995. I have prepared and will now sign an order in accordance with my remarks.

ORDER

AND NOW, June 16, 1995, following hearing on the Motion of Columbia Gas Transmission Corporation and The Columbia Gas System, Inc. For Entry of an Order Approving Producer Settlement, and for the reasons stated in open court,

IT IS ORDERED THAT:

1. The Motion as it relates to requesting approval of the producer settlement is GRANTED.

2. The Motion as it relates to deferral of the claims estimation procedures is GRANTED only to the following extent. As soon as possible after June 30, 1995, the claims mediator, TCO, the TCO creditors' committee, and any non-settling producer creditor who wishes to participate, shall convene to discuss revising procedures if revisions are appropriate, and to fully cooperate in doing so. The proceedings are deferred through July 21, [*9] 1995.

Helen S. Balick

JUDGE

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.
Your use of this service is governed by Terms & Conditions . Please review them.