# **<u>EXHIBIT D</u>**

Case 1:05-cv-00135-JJF   Document 18-6   Filed 06/02/2005   Page 1 of 9

**Document Links:**
Start of Document
**NOTICE:**
**SUBSEBUENT HISTORY:**
**PRIOR HISTORY:**
**DISPOSITION:**
**CASE SUMMARY**
**PROCEDURAL POSTURE:**
**OVERVIEW:**
**OUTCOME:**
**CORE TERMS:**
**LexisNexis(R) Headnotes**
**COUNSEL:**
**JUDGES:**
**OPINION:**

SHEPARD'S® 

*1997 U.S. App. LEXIS 7726, ***

In re: CHARLES GEORGE MILDEN, and SUSAN PATRICIA MILDEN, Debtors. CHARLES G. MILDEN and SUSAN P. MILDEN, Appellants, STATE OF THE ART, INC., DAVID S. SAMUELS, GEORGE RIVIERE, and DAVID H. HANNA, Creditor-Appellees, vs. JAMES J. JOSEPH, Chapter 7 Trustee, Appellee, ROBERTSON STEPHENS & COMPANY, and FRANK A. BARCOTT SECURITY AND INVESTIGATION, Real-Parties-in-Interest-Appellees. In re: CHARLES GEORGE MILDEN and SUSAN PATRICIA MILDEN, Debtors. CHARLES G. MILDEN and SUSAN P. MILDEN, Appellants, STATE OF THE ART, INC., DAVID S. SAMUELS, GEORGE RIVIERE, and DAVID H. HANNA, Creditor-Appellees, v. JAMES J. JOSEPH, Trustee, Appellee, FRANK A. BARCOTT SECURITY AND INVESTIGATION, Real-Party-in-Interest-Appellee.

No. 94-56151, No. 94-56503

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

1997 U.S. App. LEXIS 7726

January 7, 1997, Argued and Submitted, Pasadena, California
April 16, 1997, FILED

**NOTICE:** [*1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 111 F.3d 138, 1997 U.S. App. LEXIS 13451. Certiorari Denied November 3, 1997, Reported at: 1997 U.S. LEXIS 6492.

**PRIOR HISTORY:** Appeal from the United States District Court for the Central District of California. D.C. No. CV-93-00597-GLT (EEx), D.C. No. CV-94-00456-GLT (EE). Gary L. Taylor, District Judge, Presiding.

**DISPOSITION:** AFFIRMED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Appellant debtors challenged orders of the United States District Court for the Central District of California, which converted their Chapter 11 to a Chapter 7 action, approved the compromise and settlement of tort litigation, granted a trustee's motion for turnover of documents, authorized the trustee's use of the bankruptcy estate for the ordinary course of business, and denied claimed exemptions in state court litigation.

**OVERVIEW:** The debtors stated that the bankruptcy court and the district court lacked jurisdiction over their appeal of the order converting the case from a Chapter 11 to a Chapter 7 action. The court refused to allow this argument because there was no evidence that an appeal of the conversion order was timely filed. The court held that: 1) the district court had jurisdiction over the tort litigation because the claims were part of the bankruptcy estate; 2) the trustee was the

proper party to prosecute the suits, and the proper party to engage in the compromise and settlement of those claims; 3) the compromise and settlement of the claims was a core proceeding; 4) the bankruptcy court exercised lawful jurisdiction in entering a turnover order requiring the turnover of certain documents to the trustee, and that a complaint for turnover was a core proceeding; 5) the bankruptcy court acted within its jurisdiction in finding that the trustee had a proper business justification for the proposed use of certain stock of the debtors; and 6) the bankruptcy court correctly approved the use of the stock to effectuate the compromise and settlement of a state court action.

**OUTCOME:** The debtors' appeal from the order converting its case from a Chapter 11 reorganization proceeding to a Chapter 7 liquidation proceeding was affirmed. The district court's orders affirming the bankruptcy court rulings allowing compromise and settlement, ordering turnover of documents, and authorizing the use of estate property were also affirmed.

**CORE TERMS:** bankruptcy estate, stock, settlement, approving, compromise and settlement, jurisdictional, causes of action, state law, commencement, personal injury, cause of action, conversion, liquidation proceeding, bankruptcy proceeding, course of business, physical injury, proper party, pre-petition, converting, affirming, exemption, exempt, amend, timely notice of appeal, by-law, business justification, proposed settlement, emotional distress, equitable interest, notice of appeal

**LexisNexis(R) Headnotes** ◆ Hide Headnotes

Bankruptcy Law > Practice & Proceedings > Appeals
Civil Procedure > Appeals > Standards of Review > De Novo Review

HN1 ↓ Where the issue is whether the bankruptcy court had jurisdiction to enter certain orders, the court conducts a de novo review. Otherwise, the standard of review is the same as that of the district court. The court therefore reviews the bankruptcy court decision directly. The bankruptcy court's findings of fact are reviewed for clear error; its conclusions of law are reviewed de novo. The timeliness of a notice of appeal is also a question of law reviewed de novo.

Bankruptcy Law > Practice & Proceedings > Appeals
Civil Procedure > Appeals > Reviewability > Time Limitations

HN2 ↓ Fed. R. Bankr. P. 8002(a) requires that the notice of appeal shall be filed with the clerk within 10 days of the entry of the judgment, order, or decree appealed from. If a party makes a timely motion to alter or amend judgment or for similar relief, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. Fed. R. Bankr. P. 8002(b). The 10 day limit is jurisdictional and is strictly construed. The 10 day limit applies to appeals from orders converting a case from a Chapter 11 to a Chapter 7 proceeding and runs from the denial of a timely motion for reconsideration.

Bankruptcy Law > Case Administration > Officers & Trustees
Bankruptcy Law > Estate Property > Debtor Interests

HN3 ↓ Upon filing a petition for bankruptcy, a debtor's legal or equitable interests in all property becomes property of the bankruptcy estate, subject to limited exceptions. 11 U.S.C.S. § 541(a)(1). The scope of § 541 is broad, and includes causes of action based on events that occurred prior to the filing of a bankruptcy petition. A trustee, as the representative of the bankruptcy estate, is the proper party in interest, and the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C.S. § 323.

Bankruptcy Law > Practice & Proceedings > Jurisdiction
Bankruptcy Law > Practice & Proceedings > Contested Matters

HN4 ↓ Matters concerning the administration of the estate and other proceedings affecting the liquidation of the assets of the estate constitute "core proceedings" under 28 U.S.C.S. § 157(b)(2), which are properly heard by the

United States Bankruptcy Court under § 157(b)(1). The compromise and settlement of claims held by the estate are matters concerning the administration of the estate and the liquidation of estate assets. Approval of the compromise and settlement of claims thus constitutes a "core proceeding" within bankruptcy court jurisdiction.

Bankruptcy Law > Practice & Proceedings > Proceedings Under Section 105
Bankruptcy Law > Practice & Proceedings > Contested Matters

HN5 By approving the compromise of claims that are property of the estate, the bankruptcy court is not adjudicating those claims upon their merits; it is simply authorizing the disposition of an intangible asset--a civil cause of action--in exchange for a tangible asset: cash or something roughly equivalent. Rather than conducting a detailed evaluation of the merits of the state court action, the bankruptcy court's function is to examine the proposed settlement to determine if it falls below the lowest point in the range of reasonableness. A bankruptcy court is afforded wide latitude in approving compromise agreements which it determines to be fair, reasonable and adequate.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
Bankruptcy Law > Practice & Proceedings > Appeals
Bankruptcy Law > Practice & Proceedings > Proceedings Under Section 105

HN6 A bankruptcy court's order approving the trustee's application to compromise a controversy is reviewed for abuse of discretion. The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. Accordingly, the law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.

Bankruptcy Law > Estate Property > Custodial Turnovers
Bankruptcy Law > Practice & Proceedings > Adversary Proceedings

HN7 See 11 U.S.C.S. § 521.

Bankruptcy Law > Estate Property > Debtor Interests

HN8 The stock ownership interest in a corporation wholly owned by the debtors becomes property of the estate upon commencement of the case. all legal or equitable interest of the debtor in property as of commencement of the case becomes property of the estate. 11 U.S.C.S. § 541(a)(1).

Bankruptcy Law > Case Administration > Officers & Trustees
Bankruptcy Law > Examiners & Trustees > Duties

HN9 11 U.S.C.S. § 363(b)(1) provides that the trustee, after notice and a hearing, may use sell, or lease, other than in the ordinary course of business, property of the estate.

Bankruptcy Law > Practice & Proceedings > Jurisdiction
Bankruptcy Law > Property Lease, Sale & Use

HN10 With respect to the jurisdiction of the bankruptcy court, 28 U.S.C.S. § 157 (b)(2)(M) specifically provides that orders approving the use or lease of property are core proceedings over which the bankruptcy court has jurisdiction.

Bankruptcy Law > Estate Property > Debtor Interests

HN11 A debtor's pre-petition emotional distress claim is property of the bankruptcy estate under 11 U.S.C.S. § 541 regardless of state law. A debtor's claim for injuries to the person, even if unliquidated at the time the petition was filed, is property of the bankruptcy estate as of the commencement of the case. Upon the filing of a petition for bankruptcy all

of the debtor's assets, including any interest in a cause of action, pass to
the trustee in bankruptcy.

Bankruptcy Law > Exemptions

HN12 Allowance of exemptions is a "core proceeding" within the bankruptcy court's jurisdiction. 28 U.S.C.S. § 157(b)(2)(B).

**COUNSEL:** CHARLES GEORGE MILDEN, Appellant (94-56151), Pro se, Yorba Linda, CA. SUSAN PATRICIA MILDEN, Appellant (94-56151), Pro se, Yorba Linda, CA.

For STATE OF THE ART INC, DAVID S. SAMUELS; GEORGE RIVIERE; DAVID H. HANNA, Creditor - Appellee (94-56151): Paul J Sievers, RUTAN & TUCKER, Costa Mesa, CA.

For JAMES J. JOSEPH, Chapter 7 Trustee, Appellee (94-56151): Michael Hornak, RUTAN & TUCKER, Costa Mesa, CA. Thomas R. Malcom, JONES, DAY, REAVIS & POGUE, Irvine, CA. Paul J Sievers, RUTAN & TUCKER, Costa Mesa, CA. Yolanda Lippold, Esq., SMITH, SMITH & KRI, Irvin, CA, Thomas Casey, Esq., MARSHACK & GOE, Santa Ana, CA. For ROBERTSON STEPHENS & COMPANY, Real-party-in-interest - Appellee: Tower C. Snow, Jr., Esq. Sara B. Brody, BROBECK, PHLEGER & HARRISON, San Francisco, Ca, Paul J Sievers (See above). For FRANK [*2] A. FRANK A. BARCOTT SECURITY AND INVESTIGATION, Real-party-in-interest - Appellee: Yolanda Lippold, Esq. (See above).

**JUDGES:** Before FLETCHER AND TROTT, Circuit Judges, and JENKINS, ** District Judge

** Honorable Bruce S. Jenkins, United States Senior District Judge for the District of Utah, sitting by designation.

**OPINION: MEMORANDUM ***

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Appellants Charles G. and Susan P. Milden ("the Mildens"), debtors in a Chapter 7 bankruptcy proceeding, bring this consolidated pro se appeal from two district court orders affirming a series of orders entered by the bankruptcy court, including (1) an October 26, 1992 order converting the Mildens' case from a Chapter 11 reorganization proceeding into a Chapter 7 liquidation proceeding; (2) an order approving the compromise and settlement by the Chapter 7 trustee ("Trustee") of business tort litigation pending [*3] in state court between debtors and State of the Art, Inc. ("SOTA"), TA Associates, and Robertson Stephens & Company; (3) an order granting a motion by the Trustee for turnover of documents; (4) an order granting a motion by the Trustee for use of assets of the bankruptcy estate out of the ordinary course of business; (5) an order approving the compromise and settlement by the Trustee of tort litigation pending in state court between debtors and Barcott Security and Investigation; and (6) an order denying debtors' claimed exemptions in all proceeds and claims involved in litigation pending in state court. The Mildens assert that both the bankruptcy court and the district court "exceeded their judicial powers when issuing orders" in each instance appealed from, and that the courts below acted "in excess of their federal jurisdiction." We have jurisdiction of this appeal from the district court's orders affirming orders entered by the United States Bankruptcy Court pursuant to 28 U.S.C. §§ 158(d) and 1291, and we affirm.

I

HN1 Because the issue here is whether the bankruptcy court had jurisdiction to enter the orders from which the debtors have appealed, we conduct a de novo review. [*4] See In re Vylene Industries, Inc., 90 F.3d 1472, 1475 (9th Cir. 1996); In re Castlerock Prop., 781 F.2d 159, 161 (9th Cir. 1986). Otherwise, "our standard of review is the same as that of the district court. In re DAK Indus., Inc., 66 F.3d 1091, 1094 (9th Cir. 1995). 'Therefore, we review the bankruptcy court decision directly.' Id. The bankruptcy court's findings of fact are reviewed for clear error; its conclusions of law are reviewed de novo. Id." In re MacFarlane, 83 F.3d 1041, 1044 (9th Cir. 1996). The timeliness of a notice of appeal is also a question of law reviewed de novo. In re Saunders, 31 F.3d 767, 767 (9th Cir. 1994) (citing In re Kincaid, 917 F.2d 1162, 1164 (9th Cir. 1990)).

II

**A. The Mildens' Appeal from the Bankruptcy Court's Conversion Order**

HN2 Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires that "the notice of appeal shall be filed with the clerk within 10 days of the entry of the judgment, order, or decree appealed from." If a party makes a timely motion to alter or amend judgment or for similar relief, "the time for appeal for all parties runs from the entry of the order disposing of the last such [*5] motion outstanding." Fed. R. Bankr. P. 8002(b). The ten-day limit is jurisdictional and is strictly construed. United States v. Souza, 795 F.2d 855, 857 (9th Cir. 1986). The ten-day limit applies to appeals from orders converting a case from a Chapter 11 to a Chapter 7 proceeding and runs from the denial of a timely motion for reconsideration. See In re Arrowhead Estates Development Co., 42 F.3d 1306 (9th Cir. 1994).

The Mildens point to nothing in the record evidencing the filing of a timely notice of appeal from the conversion order, even following the denial of their motion for reconsideration. The district court affirmed the conversion order on jurisdictional grounds, noting that the Mildens filed no timely notice of appeal. Absent the filing of a timely notice of appeal, we also lack jurisdiction to consider the merits of the Mildens' objections to that order.

**B. Bankruptcy Court Approval of the Chapter 7 Trustee's Settlement of Business Tort Litigation Pending in State Court**

HN3 Upon filing a petition for bankruptcy, a debtor's legal or equitable interests in all property becomes property of the bankruptcy estate, subject to limited exceptions. 11 U.S.C. [*6] § 541(a)(1). "The scope of section 541 is broad, and includes causes of action" based on events that occurred prior to the filing of a bankruptcy petition. Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986). A trustee, as the representative of the bankruptcy estate, is "the proper party in interest, and the only party with standing" to prosecute causes of action belonging to the estate. In re Eisen, 31 F.3d 1447, 1451 n. 2 (9th Cir. 1994) (internal quotations omitted); see 11 U.S.C. § 323. Because the Mildens' state court lawsuit involved events that occurred before they filed for bankruptcy protection, their causes of action constituted property that belonged to the bankruptcy estate. Thus, the Trustee was the proper party to prosecute the suit, and the proper party to engage in the compromise and settlement of those claims. Because the record indicates that the Trustee did not abandon this cause of action to the Mildens, see 11 U.S.C. § 554, the Mildens lacked standing to sue SOTA and the other defendants following commencement of their bankruptcy proceeding. Sierra Switchboard Co., 789 F.2d at 709-10 (holding that unless [*7] trustee notified creditors of his intent to abandon a claim for emotional distress, debtor lacked standing to sue because the claim remained property of the bankruptcy estate).

The Mildens' assertion that state law places their pre-petition claims beyond the reach of the Trustee fails because this court has joined the majority of circuits that have concluded that *all* pre-petition causes of action become property of the estate without regard to state law. See Sierra Switchboard Co., 789 F.2d at 709; Matter of Geise, 992 F.2d 651, 655 (7th Cir. 1993); In re Cottrell, 876 F.2d 540, 542-43 (6th Cir. 1989); Tignor v. Parkinson, 729 F.2d 977, 980 (4th Cir. 1984).

HN4 "Matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate" constitute "core proceedings" under 28 U.S.C. § 157(b)(2)(A) and (O), which are properly heard by the United States Bankruptcy Court under § 157(b)(1). The compromise and settlement of claims held by the estate are matters concerning the administration of the estate and the liquidation of estate assets. Approval of the compromise and settlement of claims thus constitutes [*8] a "core proceeding" within bankruptcy court jurisdiction. See generally, In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988); see also W.J. Services, Inc. v. Commercial State Bank of El Campo, 990 F.2d 233, 234 (5th Cir.) ("A proceeding to determine the acceptability of agreements compromising claims of the bankruptcy estate is a core proceeding which can be finally heard and determined by the bankruptcy court subject to review by the district court. 28 U.S.C. § 157(b)(2)."), cert. denied, 510 U.S. 948, 126 L. Ed. 2d 339, 114 S. Ct. 391 (1993); In re Holywell Corp., 913 F.2d 873, 881 (11th Cir. 1990).

HN5 By approving the compromise of claims that are property of the estate, the bankruptcy court is not adjudicating those claims upon their merits; it is simply authorizing the disposition of an intangible asset--a civil cause of action--in exchange for a tangible asset: cash or something roughly equivalent. "Rather than conducting a detailed evaluation of the merits of the state court action," the bankruptcy court's function is "to examine the proposed settlement to determine if it falls below the lowest point in the range of reasonableness." In re Hydronic Enterprise, Inc., 58 Bankr. 363, 366 (Bankr. [*9] D.R.I. 1986). A bankruptcy court is afforded wide latitude in approving compromise agreements which it determines to be fair, reasonable and adequate. In re Woodson, 839 F.2d at 620. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 In turn, HN6 a "bankruptcy court's order approving the trustee's application to compromise [a] controversy is reviewed for abuse of discretion." In re A & C Properties, 784 F.2d 1377, 1380 (9th Cir.), cert. denied, 479 U.S. 854 (1986). "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Id. at 1380-81. Accordingly, "the law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed." Id. at 1381 (citations omitted) (emphasis added).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In this instance, the bankruptcy court exercised lawful jurisdiction in approving the Trustee's [*10] settlement of the state law claims in question, and the Mildens' jurisdictional objections are without merit.

### C. Turnover of Documents Pursuant to 11 U.S.C. § 521

The Mildens contend that the property that the bankruptcy court ordered be turned over to the Trustee in its April 19, 1993 order was not property of the estate or was otherwise beyond that court's jurisdiction. The Mildens' sweeping jurisdictional challenge fails by reason of their voluntary submission to bankruptcy court jurisdiction. see Wilson v. Bill Barry Enterprises, Inc., 822 F.2d 859, 861 (9th Cir. 1987). 11 U.S.C. § 521 provides in pertinent part: HN7 "The debtor shall-- . . . (4) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, . . ." See also 11 U.S.C. § 542.

The bankruptcy court exercised lawful jurisdiction in entering the turnover order in question, and we affirm that order.

### D. Trustee's Use of Assets of the Bankruptcy Estate Out of the Ordinary Course of Business Pursuant to 11 U.S.C. § 363(b)

As of the commencement of [*11] their case, the Mildens owned 2000 shares, or 100%, of the stock of In Communications, Inc., a corporation. HN8 The stock ownership interest in a corporation wholly owned by the debtors becomes property of the estate upon commencement of the case. See In re Baker, 68 Bankr. 360, 363 (D. Or. 1986); United States v. Ken Int'l. Ltd., 184 Bankr. 102, 107 (D. Nev. 1995); In re Deak & Co., 63 Bankr. 422, 427 (Bankr. S.D.N.Y. 1986) (under § 541(a), shares of stock controlled by debtor are property of the estate); In re MacDonald, 114 Bankr. 326, 333-34 (D. Mass. 1990) (property of the estate includes stock in which debtor owned equitable interest); 11 U.S.C. § 541(a)(1) ("all legal or equitable interest of the debtor in property as of commencement of the case" becomes property of the estate.). n2 Once appointed, the Trustee acted as representative of the estate pursuant to 11 U.S.C. § 323(a), with the power and duty to manage all of the assets of the estate, including the stock, books and records in a wholly-owned corporation. In re Baker, 68 Bankr. at 363-64. HN9 11 U.S.C. § 363(b)(1) provides that "the trustee, after notice and a hearing, may use sell, or lease, other than in [*12] the ordinary course of business, property of the estate."

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 The Mildens conceded as much before the district court. In their Reply to Appellees' Briefs filed below, the Mildens state "Charles and Susan Milden, as individuals, were and are still, the registered owners of the 2,000 shares of ICI stock that is the unarguable property of the estate.").

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

As part of the settlement of the estate's claims against the SOTA defendants that was approved by the bankruptcy court in its May 19, 1993 order, the SOTA defendants sought a release by In Communications, Inc. of any claims it may have had against them. Accordingly, the Trustee sought and obtained bankruptcy court approval to use property of the estate, viz., the shares of stock in In Communications, Inc., in order to obtain the execution of the requested release.

The Mildens assert that In Communications, Inc. was not a debtor and was not otherwise summoned to appear in their bankruptcy case, and therefore, was not part of the bankruptcy estate and was beyond [*13] the jurisdiction of the bankruptcy court. The bankruptcy court thus could not authorize the Trustee to vote the In Communications, Inc. shares in order to execute a release of its claims. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 The Mildens also object on the grounds that the corporate actions taken by the Trustee violated the corporation's by-laws and California corporation laws. They do not particularize their objections through reference to by-law or corporations code language. The SOTA appellees respond that the Trustee's actions were permissible, inter alia, under section 603 of the California Corporations Code, dealing with actions upon consent of shareholders without meeting. The Mildens offer no reply. Indeed, before the district court, the Mildens conceded that if the Trustee was lawfully appointed, he had the right to exercise all of the rights attendant to the ownership of the shares--provided he had debtor Susan Milden (corporate secretary) issue stock certificates in his name.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**HN10** With respect to the jurisdiction of the bankruptcy [*14] court, 28 U.S.C. § 157(b)(2)(M) specifically provides that "orders approving the use or lease of property" are core proceedings over which the bankruptcy court has jurisdiction. In re Vylene Industries, Inc., 90 F.3d 1472, 1475-76 (9th Cir. 1996). The bankruptcy court acted within its jurisdiction in finding that the Trustee had a proper business justification for the proposed use of the In Communications, Inc. stock. n4 It correctly approved the use of the stock pursuant to 11 U.S.C. § 363(b) to effectuate the Trustee's settlement with the state court defendants.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 The bankruptcy court found proper business justification for the Trustee's proposed use: (1) the use would allow execution of the proposed settlement with the SOTA defendants and would help realize $ 100,000 for the estate; (2) the Trustee had no evidence of claims which the corporation may have against SOTA having any value; and (3) the stock as property of the estate was otherwise valueless. The bankruptcy court authorized the Trustee as majority shareholder to amend the by-laws, appoint one director (himself) and authorize that director to release the corporation's claims against SOTA, and as director to execute such a release, and then "to resign as director of In Communications, Inc. and to abandon the stock of In Communications, Inc." to the Mildens.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*15]

### E. Bankruptcy Court Approval of the Trustee's Settlement of the Frank A. Barcott Security and Investigation Litigation

Prior to commencing the bankruptcy proceeding, the Mildens sued Barcott Security and Investigation ("Barcott") in Superior Court for Orange County, California, for intentional and negligent infliction of emotional distress, negligence and defamation. Following the conversion of their case to a Chapter 7 liquidation proceeding, the Trustee entered into a settlement agreement with Barcott which was approved by the bankruptcy court, an order subsequently affirmed by the district court.

The Mildens contend that a cause of action does not become property of the estate unless under state law "such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process . . . ." We have held that **HN11** a debtor's pre-petition emotional distress claim is property of the bankruptcy estate under 11 U.S.C. § 541 regardless of state law. Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d at 707-09; see also Bronner v. Gill, 135 Bankr. 645, 647 (BAP 9th Cir. 1992) ("A debtor's claim for injuries to the person, even [*16] if unliquidated at the time the petition was filed, is property of the bankruptcy estate as of the commencement of the case.") (citing Sierra Switchboard)). n5 The California state courts also acknowledge the effect of § 541 on causes of action: "Upon the filing of a petition for bankruptcy all of the debtor's assets, including any interest in a cause of action, pass to the trustee in bankruptcy." People v. Kings Point Corp., 188 Cal. App. 3d 544, 548, 233 Cal. Rptr. 227, 229 (1986) (citations omitted).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 By analogy, a defamation claim would also become property of the estate under § 541 and be subject to compromise by the trustee.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Like the claims against others discussed above, the claims against Barcott Security were property of the estate and subject to compromise and settlement by the Trustee. The bankruptcy court had jurisdiction to approve that settlement in the context of a "core proceeding" under 28 U.S.C. § 157. The Mildens' jurisdictional objection has no merit.

### F. Debtors' Claimed [*17] Exemption of All Proceeds and Claims Involved in Litigation Pending in State Court as "Personal Injury" Claims Pursuant to Cal. Civ. Proc. Code § 704.140

The Mildens filed their voluntary petition seeking relief pursuant to Chapter 11 of the Bankruptcy Code on October 24, 1991. On September 20, 1993, nearly a year after the conversion to a Chapter 7 proceeding and appointment of the Trustee, the Mildens for the first time sought to amend their schedules to include the now-settled state tort claims as property exempt from administration under 11 U.S.C. § 522(b)(2) as "personal injury" claims within the meaning of California Civil Procedure Code § 704.140(a)-(d). n6 **HN12** Allowance of exemptions is a "core proceeding" within the bankruptcy court's jurisdiction. 28 U.S.C. § 157(b)(2)(B).

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 Section 704.140 reads in pertinent part: "(a) . . . a cause of action for personal injury is exempt without making a claim. (b) . . . an award of damages or a settlement arising out of personal injury is exempt to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor."

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*18]

The bankruptcy court in In re Haaland, 89 Bankr. 845 (Bankr. S.D. Cal. 1988), aff'd in part, rev'd in part on other grounds sub nom. Haaland v. Corporate Management, Inc., 172 Bankr. 74, 77 (S.D.Cal. 1989), construed § 704.140 as applying only in cases of physical injury "as a substitute for lost future earnings of the debtor which were necessary to support him and his dependents because he was disabled and could no longer fully function in the work force." 89 Bankr. at 847. The district court affirmed in Haaland, concurring in the bankruptcy court's construction of § 704.140. 172 Bankr. at 77.

Relying on Haaland, the bankruptcy court found that the claims against the SOTA defendants, TA Associates and Robertson Stephens involved contractual and other pecuniary losses, not "personal injury" within the meaning of § 704.140. n7 As to the claim against Barcott Security alleging damages for emotional distress, the bankruptcy court found that there was no evidence either of a physical injury associated with the Barcott claim or that the Barcott settlement proceeds were necessary for the support of the Mildens. The district court affirmed, concluding that allowance of exemptions [*19] is defined as a "core proceeding" by 28 U.S.C. § 157(b)(2)(B), affording the bankruptcy court jurisdiction over the issue, and that consistent with Haaland, the bankruptcy court's findings that no physical injury was claimed and that the proceeds of settlement were not needed to support the Mildens were not clearly erroneous. We agree, and we therefore affirm.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 The Mildens do not discuss In re Haaland; nor do they proffer reasoning or authority leading to a different construction of Calif. Civ. Proc. Code § 704.140 than that adopted by the bankruptcy and district courts. No contrary Ninth Circuit authority otherwise appears. Nor do they point to evidence in the record indicating that the lower courts' findings of fact were clearly erroneous either as to the nature of the injury claimed or the Mildens' apparent need.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

## CONCLUSION

The Mildens' appeal from the October 28, 1992 order converting the Mildens' case from a Chapter 11 reorganization proceeding into a Chapter 7 liquidation proceeding is [*20] untimely; that order is AFFIRMED on jurisdictional grounds. The district court's June 6 and September 20, 1994 orders affirming the bankruptcy court rulings at issue in this appeal are also AFFIRMED.

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.
Your use of this service is governed by Terms & Conditions . Please review them.